# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **MARK ALLEN VANDERHOOF**, | Case No. 2:20-cv-00456-YY |
| Petitioner, | **ORDER** |
| v. | |
| **TYLER BLEWETT**, | |
| Respondent. | |

Anthony D. Bornstein, Federal Public Defender's Office, 101 SW Main Street, Suite 1700, Portland, OR 97204. Attorney for Petitioner.

Kristen E. Boyd, State of Oregon Department of Justice, 1162 Court Street, NE, Salem, OR 97301. Attorney for Respondent.

**IMMERGUT, District Judge.**

On November 1, 2021, Magistrate Judge Youlee Yim You issued her Findings and Recommendations ("F&R"). ECF 37. The F&R recommends that this Court deny Petitioner's Petition for Writ of Habeas Corpus, ECF 2, and decline to issue a certificate of appealability. ECF 37. Petitioner filed objections to the F&R, ECF 42, to which Respondent responded, ECF 43. This Court has reviewed de novo the portion of the F&R to which Petitioner objected. For the following reasons, the Court ADOPTS Judge You's F&R in full.

PAGE 1 – ORDER

## STANDARDS

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, *sua sponte*" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

Petitioner brings this federal habeas corpus proceeding challenging his conviction of murder by abuse following the death of his girlfriend's child. *See* ECF 2. In his petition, Petitioner raised four grounds for relief. *Id.* at 6–7. The district court appointed counsel to represent Petitioner. ECF 6. Subsequently, in his brief in support of the petition, Petitioner argued only that the murder by abuse conviction violated his Fourteenth Amendment due process rights because the state did not present legally sufficient evidence that Petitioner acted with extreme indifference to the value of human life. ECF 36. Petitioner did not argue the other three grounds he initially raised in his petition. Petitioner now objects to Judge You's F&R, arguing that the evidence as to extreme indifference was insufficient. ECF 42 at 2–4. Petitioner does not challenge the sufficiency of the evidence related to the other elements of murder by abuse, O.R.S. 163.115(c), nor does he raise new arguments beyond those in his original briefing.

PAGE 2 – ORDER

Judge You found that the evidence presented at trial—including the severity of the child's injuries, Petitioner's inconsistent statements about how the child was injured, Petitioner's admission that he struck the child in the chest in a moment of anger, the delay before Petitioner sought medical attention despite obvious signs that the child was unresponsive, and the testimony by various experts as to the force necessary to cause the child's injuries—was sufficient for the trial judge to conclude that Petitioner exhibited an extreme indifference to the value of human life. *See* ECF 37 at 2, 7–8. This Court agrees.

## CONCLUSION

This Court has considered Petitioner's objections and reviewed de novo the portions of Judge You's F&R to which Petitioner objected. Finding no error in the F&R, ECF 37, this Court adopts Judge You's F&R in full. This Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus, ECF 2, and this case is **DISMISSED** with prejudice. This Court **DECLINES** to issue a certificate of appealability because Petitioner has not made a substantial showing of the denial of a constitutional right, as required under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

DATED this 7th day of January, 2022.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge